FILED & JUDGMENT ENTERED
Steven T. Salata

Mar  07  2014

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

Laura T. Beyer
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
WILKESBORO DIVISION

```
In re:                              )
                                    )
H. ANDRE TEAGUE,                    )    Chapter 7
                                    )    Case No. 08-51088
          Debtor.                   )
_____)
                                    )
BARRETT L. CRAWFORD, Trustee        )
for the Bankruptcy Estate of        )
H. Andre Teague,                    )
                                    )
          Plaintiff,                )
                                    )    Adversary Proceeding
v.                                  )    No. 10-5071
                                    )
JACKIE LOUISE THOMPSON TEAGUE,      )
                                    )
          Defendant.                )
_____)
```

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO
RECONSIDER AND DENYING DEFENDANT'S MOTIONS FOR A NEW TRIAL AND
TO AMEND JUDGMENT**

**THIS MATTER** is before the court on the Plaintiff's Motion to Reconsider the Court's April 23, 2013[1] Judgment and Findings of Fact, Conclusions of Law, and Order Granting Judgment to the Plaintiff ("Plaintiff's Motion") and the Defendant's Motions for

---
[1] The order and judgment referenced in the caption of the Plaintiff's Motion were actually entered on April 29, 2013.

New Trial and to Amend Judgment ("Defendant's Motion").  For the reasons that follow, the court grants in part and denies in part the Plaintiff's Motion and denies the Defendant's Motion.  By separate order, the court will enter a supplemental judgment to the Plaintiff in the amount of $55,989.00.

**PLAINTIFF'S MOTION**

The Plaintiff's Motion seeks to increase the Trustee's recovery from the Defendant pursuant to Federal Rule of Civil Procedure 15(b)(2) ("Rule 15(b)(2)"),[2] which allows issues that are not pled to be tried by express or implied consent.  The Plaintiff asserts three areas where he found errors in the court's April 29, 2013 Findings of Fact, Conclusions of Law, and Order Granting Judgment to the Plaintiff ("Trial Order").  First, the Plaintiff alleges that the court should allow recovery of transfers that occurred more than two years prior to the filing of the Debtor's voluntary petition.  Next, the Plaintiff believes that he should be able to recover transfers from Jordan Alexander, Inc. ("Jordan Alexander") to the Defendant.  Finally, the Plaintiff asserts that he should be able to recover for the Debtor's post-petition transfers.  While the court disagrees with the Plaintiff's arguments about the Jordan Alexander and post-petition transfers, the court agrees that the Plaintiff should be able to recover for transfers made up to four years

---

[2] Federal Rule of Bankruptcy Procedure 7015 makes Federal Rule of Civil Procedure 15 applicable to adversary proceedings.

2

prior to the date of the Debtor's petition pursuant to N.C. Gen. Stat. § 39-23.4(a)(1) and 39-23.9(1).

Rule 15(b)(2) states:

> For Issues Tried By Consent. When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue.—But failure to amend does not affect the result of the trial of that issue.

In other words, if an unpled issue is tried by consent of the parties, it may be considered by the court. The Defendant did not expressly consent to trial of any of the issues raised in the Plaintiff's Motion. Implied consent occurs "where the parties recognized that the issue entered the case at trial and acquiesced in the introduction of evidence on that issue without objection," Hardin v. Manitowoc-Forsythe Corp., 691 F.2d 449, 457 (10th Cir. 1982), but "[t]he introduction of evidence arguably relevant to pleaded issues cannot serve to give a party fair notice that new issues are entering the case," Wesco Mfg., Inc. v. Tropical Attractions of Palm Beach, Inc., 833 F.2d 1484, 1487 (11th Cir. 1987).

The Plaintiff proffers Rule 15(b)(2) as the basis for all of the relief sought by the Plaintiff's Motion. The court concludes, however, that Rule 15(b)(2) is only relevant to the issue of the post-petition transfers. The Plaintiff's arguments

3

related to Jordan Alexander and the correct reach-back period do not involve pleading problems and are more properly considered as motions for reconsideration under Federal Rule of Civil Procedure 60 ("Rule 60").[3]  Rule 60 allows courts to grant relief from judgments and orders based on mistakes, newly discovered evidence, fraud, and "any other reason that justifies relief."

As noted in the Trial Order, the Plaintiff focused his evidence and argument at trial on his cause of action under 11 U.S.C. § 548; nevertheless, the Plaintiff also asserted a cause of action under N.C. Gen. Stat. § 39-23.4(a)(1), part of North Carolina's version of the Uniform Fraudulent Transfer Act ("UFTA").  Section 548 of the Bankruptcy Code only applies to transfers made within two years before a debtor's bankruptcy petition is filed, but North Carolina's UFTA allows a cause of action under N.C. Gen. Stat. § 39-23.4(a)(1) to be brought within four years after the transfer in question.  See N.C. Gen. Stat. § 39-23.9(1).  As the Trial Order noted, the reach-back period for each statute appears to cover the same period of time in this adversary proceeding, as the Plaintiff filed his complaint about two years after the Debtor filed bankruptcy.  However, as pointed out by the Plaintiff's Motion (but not the Plaintiff's other pleadings or his argument at trial), 11 U.S.C. § 108(a) tolls the UFTA statute of limitations for two years after a

---

[3] Federal Rule of Bankruptcy Procedure 9024 makes Federal Rule of Civil Procedure 60 applicable to bankruptcy cases (with certain exceptions not relevant to this matter).

4

debtor files a petition. See Burns v. Gallimore (In re Gallimore), 2004 WL 1743947, at *8 (Bankr. M.D.N.C. June 8, 2004) ("[A] trustee in bankruptcy . . . has the authority to attack fraudulent transfers under § 39-23.4(a) that occurred four years prior to the petition date."); Hillier v. Blue Ridge Sav. Bank, Inc. (In re College Walk Limited), No. 93-1118, slip op. at 2—3 (Bankr. W.D.N.C. Apr. 4, 1995) ("Section 108(a) requires the Trustee to bring actions pursuant to applicable nonbankruptcy law before the later of the expiration of the applicable statute of limitations (as if the bankruptcy case had not been filed) or 'two years after the order for relief.' " (quoting 11 U.S.C. § 108(a))). Accordingly, the portion of the Plaintiff's Motion related to the proper reach-back period is **GRANTED** pursuant to Rule 60, and the court will issue a supplemental judgment to the Plaintiff for $55,989.00, the amount of transfers directly from the Debtor to the Defendant between January 1, 2006 and September 24, 2006 ($54,389.00) and the Debtor's half of the proceeds from the September 11, 2006 sale of jointly-owned furniture ($1600.00).[4]

The Plaintiff also seeks recovery of the funds transferred from Jordan Alexander to the Defendant. In the Trial Order, the court concluded that "[t]he Plaintiff did not produce any evidence that Jordan Alexander is anything other than what it

---

[4] The order and judgment entered April 29, 2013 in this adversary proceeding only avoided transfers in the two years prior to the Debtor's bankruptcy filing on September 24, 2008.

5

appears to be, a corporate entity separate from the Debtor" and that "[s]ection 548 allows trustees to avoid transfers from debtors, not transfers from a separate corporate entity that a debtor owns."  In the Plaintiff's Motion, the Plaintiff argues that the Defendant testified at her deposition that the funds from Jordan Alexander represented the Debtor's paychecks.  The court's understanding of the evidence is that the Defendant testified at her deposition that the Jordan Alexander transfers were "draws" from the company and she testified at trial that she had recently remembered that the transfers were repayment of company expenses that she initially paid.  The Defendant also testified that she was at various times an owner and an employee of Jordan Alexander, and all of the transfers in question involve Jordan Alexander checks written to the Defendant.  The Plaintiff's Motion does not provide any basis for the court to alter its conclusion that the Jordan Alexander transfers were transfers from the company to the Defendant, not from the Debtor to the Defendant.  Accordingly, the portion of the Plaintiff's Motion related to the Jordan Alexander transfers is **DENIED** pursuant to Rule 60.

The Plaintiff's final basis for relief is related to the Debtor's post-petition transfer of inherited funds to the Defendant.  The court did not allow recovery of the post-petition transfers because the Plaintiff's complaint, which he

6

did not amend or attempt to amend until after entry of the Trial Order, only asserted causes of action related to pre-petition transfers.  Since this issue does involve a problem with the Plaintiff's pleadings, it is properly considered pursuant to Rule 15(b)(2).  The Plaintiff argues that his placing evidence of the post-petition transfers into the record at trial is sufficient to conclude that the Defendant impliedly consented to the unpled cause of action.  The court disagrees.  While the Plaintiff did provide evidence of the post-petition transfers without an objection from the Defendant, the evidence was "arguably relevant" to the causes of action that were pled by the Plaintiff and did not give the Defendant "fair notice that new issues [were] entering the case."  Wesco Mfg., 833 F.2d at 1487.  The Defendant may have believed that the transfers in question were pre-petition or that the evidence was relevant to the Debtor's intent and/or credibility.  Accordingly, the portion of the Plaintiff's Motion related to the post-petition transfers is **DENIED** pursuant to Rule 15(b)(2).

**DEFENDANT'S MOTION**

The Defendant's Motion seeks an additional evidentiary hearing pursuant to Federal Rule of Civil Procedure 59 ("Rule 59")[5] and correction of the court's April 29, 2013 Judgment ("Trial Judgment") pursuant to Rule 60.  Rule 59 allows courts

---

[5] Federal Rule of Bankruptcy Procedure 9023 makes Federal Rule of Civil Procedure 59 applicable to bankruptcy cases (with certain exceptions not relevant to this matter).

7

to grant new nonjury trials on some or all of the issues "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." As noted previously, Rule 60 allows relief from judgments based on various specified and unspecified reasons.

The Defendant's Motion alleges that the Trial Judgment "did not address whether the award should be offset by the support obligation legally owed by the Debtor to the Defendant," notes (somewhat contradictorily) that "[e]vidence of this support obligation was admitted at trial," and offers to provide further evidence of the Defendant's need for support. Contrary to the Defendant's suggestion, the court did consider the Defendant's trial argument and evidence related to adjusting the distribution of marital assets between the Debtor and the Defendant. If the court had found that the separation agreement between the parties was a valid agreement that simply distributed property inequitably, the court would have attempted to alter the distribution to divide the property more evenly. See Dobin v. Hill (In re Hill), 342 B.R. 183, 204 (Bankr. D.N.J. 2006) ("Here, there is no contention that this is not a bona fide divorce. The Trustee does not deny that as part of this divorce, the parties were entitled to enter into a property settlement agreement. However, the Trustee has shown the settlement was an inequitable distribution. To the extent this

8

agreement was used to transfer away [the Debtor's] right to the marital assets in an attempt to deny recovery by her judgment creditor, the agreement can be avoided."). Unlike the situation facing the court in Dobin, this court concluded in the Trial Order that the separation agreement between the Debtor and the Defendant was a sham designed entirely to transfer the Debtor's property out of the reach of his creditors. Since the separation agreement was a sham, it is avoided in its entirety, and the Defendant is not entitled to any adjustment. As noted in the Defendant's Motion, the Defendant presented evidence related to spousal support at the trial, so there is no reason to receive more evidence on this issue. The Defendant's Motion does not present any valid basis for a new trial or to amend the Trial Judgment. Accordingly, the Defendant's Motion is **DENIED.**

### CONCLUSION

All of the issues presented by the Plaintiff's Motion and the Defendant's Motion are related to deficiencies in the parties' presentation to the court at trial. In general, the court encourages litigants to present their complete cases at trial rather than dealing with deficiencies in post-trial motions. Nevertheless, the court concludes that it made an error in limiting the Plaintiff's recovery to two years prior to the bankruptcy filing, so the Plaintiff's Motion is **GRANTED IN PART** and **DENIED IN PART.** The Defendant's Motion is **DENIED.** The

9

court will issue a supplemental judgment awarding the Plaintiff an additional $55,989.00. The Trial Judgment remains undisturbed.

    **SO ORDERED.**

| | |
|---|---|
| This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of the Order. | United States Bankruptcy Court |